10-3009-bk

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of November, two thousand eleven.

PRESENT:  REENA RAGGI,
          SUSAN L. CARNEY,
                   *Circuit Judges*,
          LAWRENCE E. KAHN,
                   *District Judge*.[*]

----------------------------------------------------------------
IN RE: LEGACY HEALTHCARE, LLC,
                   *Debtor.*
----------------------------------------------------------------
WILLIAM RICHARD ZACHER, an individual, THE LEGACY CREDITOR'S TRUST, LEGACY HEALTHCARE, LLC, WILLIAMSVILLE SUBURBAN, LLC, SHERIDAN MANOR, LLC, RIDGEVIEW, LLC,

                   *Plaintiffs-Appellants*,

          v.                                    No. 10-3009-bk

DAVID A. PATERSON, RICHARD DAINES, NYS Health Commissioner, ANTONIA C. NOVELLO, NEW YORK STATE COMMISSION ON HEALTH CARE, GEORGE PATAKI, Governor of New York State, STATE OF NEW YORK, NEW YORK STATE

---

[*] Judge Lawrence E. Kahn of the United States District Court for the Northern District of New York, sitting by designation.

DEPARTMENT OF FINANCE AND TAXATION,
NEW YORK STATE DEPARTMENT OF HEALTH,
JAMES CLYNE, Deputy Commissioner, NY Offices
of Health Systems Management, MARK L.
KISSINGER, Deputy Commissioner, Office of Long
Term Care for the DOH,

                *Defendants-Appellees.*

------------------------------------------------------------------

| | |
|---|---|
| APPEARING FOR APPELLANTS: | ELIZABETH A. GREEN, Baker & Hostetler LLP, Orlando, Florida, *for* Legacy Healthcare, LLC, Williamsville Suburban, LLC, Sheridan Manor, LLC, Ridgeview Manor, LLC, and William Richard Zacher. |
| | JOHN E. JURELLER, JR., Klestadt & Winters, LLP, New York, New York, *for* The Legacy Creditor's Trust. |
| APPEARING FOR APPELLEES: | VICTOR PALADINO, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *on behalf of* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York. |

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on June 23, 2010, is AFFIRMED.

Plaintiffs are a debtor management company that operates three debtor nursing homes, including Williamsville Suburban, LLC ("Williamsville"), all substantively consolidated in bankruptcy proceedings; William Richard Zacher, the managing member of the management company and nursing homes and an individual debtor; and a trust created to hold the

2

creditors' interests. They appeal from a district court decision reversing a bankruptcy award of summary judgment for plaintiffs and entering summary judgment for defendants, the State of New York and various State agencies and officials (collectively the "State"), on plaintiffs' claim that defendants should be equitably estopped from revoking Williamsville's nursing home operating certificate.

A district court judgment from the appeal of a bankruptcy court's ruling "is subject to plenary review." In re Halstead Energy Corp., 367 F.3d 110, 113 (2d Cir. 2004). We review the bankruptcy court's ruling on the parties' cross-motions for summary judgment de novo, viewing the record in the light most favorable to the non-moving party. See In re Treco, 240 F.3d 148, 155 (2d Cir. 2001). In applying these standards, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm the district court judgment.

1. Equitable Estoppel

Plaintiffs submit that the district court erred in reversing the bankruptcy court's determination that equitable estoppel under New York law mandated summary judgment for plaintiffs.[1] To establish estoppel under New York law, plaintiffs must prove that (1) the State engaged in "conduct which amounts to a false representation or concealment of material facts," (2) with the "intention that such conduct [would] be acted upon by" plaintiffs, and (3) with "knowledge of the real facts." In re Vebeliunas, 332 F.3d 85, 93-94 (2d Cir. 2003). Plaintiffs must further show that they (4) lacked knowledge and "the means of knowledge

_____

[1] We need not decide whether estoppel in this case is controlled by federal or New York law, because plaintiffs' claim fails even under New York law, on which they rely.

3

of the true facts," (5) relied upon the State's deceptive conduct, and (6) suffered a prejudicial change in position as a result.  Id. at 94; see also Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., L.P., 7 N.Y.3d 96, 106, 817 N.Y.S.2d 606, 612 (2006).  Plaintiffs' claim fails at the first step of analysis.

Plaintiffs do not allege that any employee of the State ever affirmatively represented that the Berger Commission, an independent body created by law to review the allocation of health care resources in New York, see 2005 N.Y. Consol. Laws Adv. Legis. Serv. 63, *31 pt. K, §§ 1-11 (LexisNexis), would not recommend closing Williamsville or that the State would not implement such a recommendation.  Instead, plaintiffs contend that the latter representation was implicit in the State's participation in the bankruptcy proceeding as a creditor.  The argument fails as a matter of both fact and law.

First, the fact that the Berger Commission sought information about Williamsville from employees of the State's Department of Health ("DOH") in July 2006 does not indicate DOH knowledge that Williamsville was being targeted for closure when the State participated in the bankruptcy, any more than the Berger Commission's June 2006 fact-finding tour of Williamsville would have communicated such knowledge to plaintiffs. Moreover, even if some DOH employees might have suspected that the Berger Commission was considering closing Williamsville, they could not have known that the Commission would vote to recommend closure until the Commission actually did so on November 20, 2006, and publicly disclosed its final report a week later, months after the bankruptcy court entered an order confirming the reorganization plan on June 6, 2006.  Indeed, the final

4

Commission recommendation was by no means certain, as some of the commissioners voted against the final report.

Second, the State's January 5, 2006 vote in favor of the reorganization plan and its failure to object to the approvals and consents provision of the bankruptcy court's confirmation order cannot be construed as an implicit representation that New York would not exercise its regulatory authority over Williamsville during the reorganization-plan period.[2] Such a construction would effectively convert the State's participation in the bankruptcy into a nine-year waiver of its regulatory authority to revoke Williamsville's operating license, a result that defies not only common sense but also our precedent, which acknowledges differences between a government entity's dual roles as creditor and as regulator. See In re Nextwave Pers. Commc'ns, Inc., 200 F.3d 43, 59 (2d Cir. 1999) (stating that, where federal agency acted as both regulator and creditor in radio spectrum licensing auction, "the regulatory function is not ended by the bankruptcy of a licensee or license claimant, and as the function persists it must perforce be carried out").

Finally, plaintiffs' misrepresentation argument is convincingly refuted by plan provisions that explicitly protect the State's regulatory power. See App'x at 3930-31 (Approved Amended Plan of Reorganization, art. VIII.D.2, E).

---

[2] The approvals and consents paragraph of the bankruptcy court's confirmation order provides that: "This Confirmation Order shall be deemed to constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or other governmental authority with respect to the implementation or consummation of the Amended Plan." App'x at 4003.

5

2.    Manifest Injustice

Even if plaintiffs could establish the elements of estoppel, the New York Court of Appeals has "repeatedly made clear that estoppel cannot be invoked against a governmental agency to prevent it from discharging its statutory duties," New York State Med. Transporters Ass'n, Inc. v. Perales, 77 N.Y.2d 126, 130, 564 N.Y.S.2d 1007, 1010 (1990), except "in unusual factual situations to prevent injustice," E.F.S. Ventures Corp. v. Foster, 71 N.Y.2d 359, 369, 526 N.Y.S.2d 56, 61 (1988) (internal quotation marks omitted); accord United States v. Boccanfuso, 882 F.2d 666, 669-70 (2d Cir. 1989) ("The principle of equitable estoppel is not applied to the Government on the same terms as it is to private citizens. . . . While this circuit has occasionally found the Government to be estopped, we have done so only in very limited and unusual circumstances."). This is not such a case.

In April 2005, New York created the Berger Commission for the statutory purpose of identifying and recommending the closure of unneeded nursing homes and hospitals. See 2005 N.Y. Consol. Laws Adv. Legis. Serv. 63, *31 pt. K, §§ 1-11 (LexisNexis). The enabling statute made the Commission independent of State agencies, see id. § 1, afforded the Commission full discretion to recommend the nursing homes and hospitals warranting closure, see id. §§ 5, 8, and mandated that the Commissioner of Health implement those recommendations if the Governor or Legislature did not veto them, see id. § 9. Plaintiffs concede in their amended complaint and on appeal that the Berger Commission was formed and began its work long before the plan of reorganization was confirmed by the bankruptcy court. The law was thus clear that even the DOH employees who participated in the

6

bankruptcy could be statutorily obligated to carry out the Berger Commission's recommendations to close designated nursing homes absent legislative or gubernatorial intervention. Because "those who deal with the government are expected to know the law," plaintiffs "cannot rely on the conduct of government agents" purportedly "contrary to law as a basis for [their] 'manifest injustice' claims." New York State Med. Transporters Ass'n, Inc. v. Perales, 77 N.Y.2d at 131, 564 N.Y.S.2d at 1010.

Plaintiffs' reliance on In re Albion Disposal, Inc., 217 B.R. 394 (W.D.N.Y. 1997), is misplaced. In Albion a local government explicitly promised the bankruptcy trustee that it would consider the debtor's pending landfill-expansion applications in good faith, but subsequently enacted legislation prohibiting the creation of all landfills. See id. at 398-400, 408-09. By contrast, plaintiffs were here on notice well before the bankruptcy court issued its confirmation order that DOH could be statutorily obligated to implement any closure recommendations issued by the Berger Commission. In such circumstances, plaintiffs cannot seek to estop DOH from carrying out its statutory duty on the ground of "manifest injustice."

3.    Preemption

With almost no analysis, plaintiffs argue that 11 U.S.C. § 1141(a) binds the State as a creditor to the terms of the confirmed plan and preempts conflicting state law requiring it to revoke Williamsville's operating license. Federal courts will not readily assume conflict preemption of a state law involving the exercise of the police power unless "the two acts cannot be reconciled or consistently stand together." See Madeira v. Affordable Hous. Found., Inc., 469 F.3d 219, 241-42 (2d Cir. 2006) (internal quotation marks omitted); cf.

Younger v. Harris, 401 U.S. 37, 44 (1971) (stating that principles of federalism require federal courts sitting in equity to show "proper respect for state functions"). We do not pursue the matter because plaintiffs' reference to preemption in a single sentence of their reply brief to the bankruptcy court in support of summary judgment did not meaningfully present the issue so as to preserve it for appellate review. See Allianz Ins. Co. v. Lerner, 416 F.3d 109, 114 (2d Cir. 2005); Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 124 n.29 (2d Cir. 2005).

4.      Injunctive Relief

Plaintiffs argue that, without regard for equitable estoppel, the bankruptcy court permanently enjoined the State from revoking Williamsville's operating certificate based on its authority to issue necessary and appropriate orders under 11 U.S.C. § 105(a). The record does not support this argument. The bankruptcy court relied on § 105(a) along with § 1141(a) in issuing a preliminary injunction, but based the permanent injunction in its final judgment on its favorable resolution of plaintiffs' equitable estoppel claim. Moreover, while plaintiffs pleaded a § 105(a) theory in their amended complaint, they did not invoke it as an alternative to equitable estoppel in moving for summary judgment. Thus, this argument is also not preserved for appellate review. See Allianz Ins. Co. v. Lerner, 416 F.3d at 114.

5.      Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED, the

district court's order staying its judgment pending appeal is VACATED, and the action is

REMANDED to the bankruptcy court for proceedings consistent with this order.

                          FOR THE COURT:
                          CATHERINE O'HAGAN WOLFE, Clerk of Court